UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK L. GAICH, an individual, and BARBARA GAICH, his wife<br><br>Plaintiffs,<br><br>vs.<br><br>VIMALA RAMESH, M.D.; UPMC PASSAVANT d/b/a UPMC PASSAVANT – CRANBERRY; and UNIVERSITY OF PITTSBURGH PHYSICIANS,<br><br>Defendants. | No. _____<br><br>COMPLAINT IN CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

AND NOW COME the Plaintiffs, Frank L. Gaich and Barbara Gaich, by and through their attorney, Jason E. Luckasevic, Esquire of GOLDBERG, PERSKY & WHITE, P.C. and file the following Complaint in Civil Action. In support thereof, Plaintiffs' counsel avers as follows:

### PARTIES

1. Plaintiff, Frank L. Gaich, (hereinafter "Plaintiff" and/or "Mr. Gaich") is an adult individual residing in the State of West Virginia with a current mailing address of 881 Donegal Drive, East Follansbee, WV 26037.

2. Plaintiff, Barbara Gaich, (hereinafter "Plaintiff-wife" and/or "Mrs. Gaich") is an adult individual and the spouse of Frank L. Gaich residing in the State of West Virginia with a current mailing address of 881 Donegal Drive East, Follansbee, WV 26037.

3. Defendant, Vimala Ramesh, MD, is an anesthesiologist licensed by and practicing medicine in the Commonwealth of Pennsylvania with a principal place of business at 9100 Babcock Blvd., Pittsburgh, PA 15237.

4. A certificate of merit with respect to the professional liability claims made against Dr. Ramesh is attached and marked **Exhibit 1.**

5. The defendant, UPMC PASSAVANT d/b/a UPMC PASSAVANT - CRANBERRY, (hereinafter "UPMC Passavant") is a non-profit corporation incorporated under the laws of the Commonwealth of Pennsylvania, operating a general medical facility including, *inter alia,* a surgical center, located at 1 St. Francis Way, Cranberry Township, Butler County, Pennsylvania 16066, with a principal place of business at 9100 Babcock Blvd., Pittsburgh, PA 15237 and is qualified to do business in the Commonwealth of Pennsylvania. Plaintiffs are asserting a professional liability claim against this defendant.

6. A certificate of merit with respect to the professional liability claims made against UPMC Passavant is attached and marked **Exhibit 2.**

7. The defendant, UNIVERSITY OF PITTSBURGH PHYSICIANS, (hereinafter "UPP") is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, having its principal place of business located at 200 Lothrop Street, Pittsburgh, Allegheny County, Pennsylvania 15213, and is qualified to do business in the Commonwealth of Pennsylvania. Plaintiffs are asserting a professional liability claim against this defendant.

8. A certificate of merit with respect to the professional liability claims made against UPP is attached and marked **Exhibit 3.**

9. The above-mentioned Defendants will be referred to collectively hereinafter as "Defendants."

## JURISDICTION AND VENUE

10. The event hereafter set forth occurred in Butler County, Pennsylvania and, therefore, venue is appropriate in this Court.

11. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy is between citizens of different States and exceeds the sum or value of $75,000, exclusive of interest or costs.

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) and (2) as all defendants reside in this district and are residents of the state in which this district is located, and a substantial part of the events or omissions giving rise to the cause of action asserted by Plaintiffs occurred within this jurisdiction and the Defendants conducted substantial business within this jurisdiction.

13. The events giving rise to the various causes of action asserted herein occurred in Butler County, Pennsylvania.

**GENERAL ALLEGATIONS**

14. At all times relevant hereto, Defendants held out to the public that Dr. Ramesh was a member of the medical community in good standing and was a skilled and competent practitioner of medicine.

15. Defendant, Dr. Ramesh, held herself out to Plaintiff and the general public as a physician competent, trained, and engaged in the practice of anesthesiology and further represented or held herself out to be possessed of the requisite degree of care, skill and knowledge exercised and/or possessed by others of this profession and specialty in the United States and/or, more particularly, Butler County, Pennsylvania.

16. In her treatment of Plaintiff and all other patients, Defendant, Dr. Ramesh, was required to exercise and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of that profession.

17. The following averments, upon Plaintiffs' information and belief, are based upon, *inter alia*, a review of the medical records obtained from the Defendants regarding Plaintiff's treatment and care.

18. On July 16, 2014, Mr. Gaich went to UPMC Passavant complaining of foot pain. It was established at that time that Mr. Gaich had a fracture of the fifth metatarsal on his right foot.

19. On July 17, 2014, Mr. Gaich saw Dr. Conti, an orthopedic surgeon, who discussed his treatment options with Plaintiff, and the Plaintiff decided to undergo surgery to close the fracture.

20. On July 22, 2014, Plaintiff had surgery on his right foot to close the fracture of the fifth metatarsal. The procedure was performed by Dr. Conti at UPMC Passavant – Cranberry.

21. As part of the procedure on July 22, 2014, Dr. Ramesh performed, or assisted in performing, a femoral nerve block on Mr. Gaich as well as a sciatic popliteal nerve block. Mr. Gaich also received general anesthesia.

22. The Plaintiff's medical chart includes both an informed consent document for the surgical and anesthetic procedures. The anesthetic consent form, however, only lists one nerve block when in fact two nerve blocks were performed.

23. Therefore, the regional anesthesia or nerve blocks were performed without proper informed consent.

24. Following his foot surgery, Mr. Gaich experienced persistent pain in his right foot and leg, specifically in his calf, heel, and all five toes, as well as aching, burning, stinging, and tingling sensations.

25. On November 4, 2014, Plaintiff had an EMG/NCS that showed axonal sciatic nerve damage distal to the biceps femoris. According to an evaluation by Dr. Vassiliev on January 23, 2015, Mr. Gaich developed his foot and leg pain secondary to the sciatic popliteal nerve block that was done in preparation of his right foot surgery.

26. As a direct result of the Defendants' actions and inactions, Plaintiff continues to suffer from chronic pain resulting in an unsteady gait for which he uses a cane, the risk of which he was not made aware as more fully detailed below.

## CAUSES OF ACTION

### COUNT I
### v. VIMALA RAMESH, M.D
### LACK OF INFORMED CONSENT

27. All preceding paragraphs of this Complaint are incorporated by reference as though more fully set forth herein.

28. Before operating on Plaintiff, Defendant, Dr. Ramesh, was required to obtain her informed consent for both the general anesthesia itself and the regional anesthesia (or nerve blocks).

29. As a physician, and one holding herself out as a skilled and competent practitioner of medicine, Defendant had a duty to inform Plaintiff of those material facts, risks, complications, and alternatives to his procedure that a reasonable person in Plaintiff's position would consider significant in deciding whether or not to have the procedure(s) performed.

30. Defendant failed to so inform Plaintiff in one or more of the following ways, alone or in combination:

   a. Defendant did not adequately inform Plaintiff of material information which was relevant to his decision in allowing Defendant to perform two nerve blocks;

b. At no time prior to surgery did Defendant inform Plaintiff that he did not have to perform the regional nerve blocks;

c. At no time prior to surgery did Defendant obtain Plaintiff's informed consent with regard to performing two nerve blocks;

d. The anesthesia informed consent form only listed a single nerve block to be performed on Mr. Gaich and did not detail any information regarding regional anesthesia or its possible complications and/or alternatives to said procedure;

e. Defendant failed to make Plaintiff aware of the potential risks involved with two nerve block injections performed;

f. At no time prior to the two nerve blocks did Defendant inform Plaintiff that possible risks and consequences of the procedure included chronic nerve pain in his foot and leg;

g. At no time prior to the two nerve blocks did Defendant inform Plaintiff that possible risks and consequences of the procedure included nerve damage;

h. At no time prior to two nerve blocks did Defendant inform Plaintiff that he had alternatives to the procedure, or what any such alternatives might be; and

i. At no time after the two nerve blocks did the Defendant explain why the second nerve block was medically necessary and assuming that the Plaintiff was awake the Defendant had the opportunity to obtain his consent to the second nerve block after the first one was unsuccessful.

31. Undergoing two nerve blocks involved undisclosed risks of harm that a reasonably prudent patient, including Plaintiff, would require knowledge of to make an informed decision in determining whether to undergo or reject the nerve block.

32. Had Defendant provided the information necessary to obtain the informed consent of Plaintiff to undergo the procedure, such information would have been a substantial factor in the Plaintiff's decision regarding whether or not to in fact undergo the nerve blocks.

33. As a result of the aforesaid omissions and failures to inform Plaintiff, Defendant did not and could not properly and actually obtain Plaintiff's informed consent as to the two nerve blocks performed.

34. Under Pennsylvania law, performing regional nerve blocks without the informed consent of the patient constitutes a battery on Plaintiff.

35. As a direct and proximate result of the battery (lack of informed consent) by Defendant upon Plaintiff, he has sustained the following injuries:

   a. Chronic pain in his right foot/lower leg;

   b. Difficulty walking requiring a cane;

   c. Sleep apnea;

   d. A greater chance of additional surgeries;

   e. Other physiological and psychological sequelae as set forth in the medical record.

36. As a direct and proximate result of Defendant's battery upon Plaintiff and failure to obtain informed consent, Plaintiff has suffered and will continue to suffer non-economic damages including:

   a. Pain, suffering, and inconvenience;

   b. Mental anguish;

   c. Humiliation;

   d. Loss of life's pleasures;

   e. Loss of health, strength, and vitality; and

      f.   Permanent disability

37. As a direct and proximate result of Defendant's battery upon Plaintiff and failure to obtain informed consent, Plaintiff has suffered and will continue to suffer the following financial losses:

      a.   Past, present, and future medical expenses;

      b.   Future, lifelong expenses associated with medical, hospital, pharmaceutical, psychological, rehabilitative, institutional, physician, nursing and other medical care.

**WHEREFORE**, Plaintiffs, Frank L. Gaich and Barbara Gaich, demand judgment be entered in their favor and against Defendant, and seek compensatory damages in an amount in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of interests and costs. **JURY TRIAL DEMANDED.**

**COUNT II**
*v. VIMALA RAMESH, M.D*
**PROFESSIONAL NEGLIGENCE**

38. The averments of the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

39. Dr. Ramesh had a duty of care at times set forth in this Complaint to provide professional medical care to Plaintiff, and others, consistent with the accepted standard of care for anesthesiologists.

40. The injuries and damages hereinafter set forth were caused by the direct and proximate result of Dr. Ramesh's negligence, which fell below the standard of care for physicians and anesthesiologists as more specifically set forth below.

41. Dr. Ramesh departed from the accepted standard of care in providing treatment and care to the Plaintiff in that she:

a. Performed a sciatic popliteal nerve block in such a way that caused axonal sciatic nerve damage distal to the biceps femoris in Plaintiff;

b. Failed to administer an appropriate amount of anesthetic medication prior to and during the placement of the regional anesthetic blocks;

c. Failed to ensure that the Patient remained awake and responsive during the administration of the regional nerve blocks;

d. Overly anesthetized the patient at the time of the regional nerve blocks;

e. Failed to document in the medical chart whether or not the Patient remained awake and responsive during the administration of the regional nerve blocks;

f. Only listed one of the two nerve blocks performed on Mr. Gaich and did not detail any information regarding regional anesthesia or its possible complications and/or list alternatives to said procedure;

g. Failed to obtain Plaintiff's informed consent prior to performing two nerve blocks by not including it on the consent form and therefore, not disclosing potential complications from using such a procedure or discussing the risks and benefits of any available alternatives;

h. Did not adequately inform Plaintiff of material information which was relevant to his decision in allowing Dr. Ramesh to perform two nerve blocks on him;

i. Failed to inform Plaintiff that she did not have to perform the regional nerve block;

j. Failed to make plaintiff aware of the potential risks involved with the two nerve block injections;

  k. Failed to take all necessary precautions to ensure safe needle placement when performing the nerve blocks.

  l. Failed to inform Plaintiff that possible risks and consequences of the procedure included chronic pain in his right foot/lower leg;

  m. Failed to inform Plaintiff that possible risks and consequences of the procedure included nerve damage;

  n. Failed to inform Plaintiff that he had alternatives to the procedure, or what any such alternatives might be;

  o. Failed to explain why the second nerve block was medically necessary and assuming that the Plaintiff was awake the Defendant had the opportunity to obtain his consent to the second nerve block after the first one was unsuccessful; and

  p. Inappropriately performed two nerve blocks eight minutes total which was not safe or standard of care.

42. As a direct and proximate result of the professional negligence by Dr. Ramesh upon Plaintiff, he has sustained the following injuries:

  a. Chronic pain in his right foot/lower leg;

  b. Difficulty walking requiring a cane;

  c. Sleep apnea;

  d. Greater chance of additional surgeries;

  e. Other physiological and psychological sequelae as set forth in the medical record.

43. As a direct and proximate result of Dr. Ramesh's deviation from the standard of care, Plaintiff has suffered and will continue to suffer non-economic damages including:

  a. Pain, suffering, and inconvenience;

      b. Mental anguish;

      c. Humiliation;

      d. Loss of life's pleasure;

      e. Loss of health, strength, and vitality; and

      f. Permanent disability.

44. As a direct and proximate result of Dr. Ramesh's deviation from the standard of care, Plaintiff has suffered and will continue to suffer the following financial losses:

      a. Past, present, and future medical expenses;

      b. Future, lifelong expenses associated with medical, hospital, pharmaceutical, psychological, rehabilitative, institutional, physician, nursing and other medical care.

**WHEREFORE**, Plaintiffs, Frank L. Gaich and Barbara Gaich, demand judgment be entered in their favor and against Defendant, and seek compensatory damages in an amount in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of interests and costs. **JURY TRIAL DEMANDED.**

**COUNT III**
***v. UPMC PASSAVANT t/b/a UPMC PASSAVANT - CRANBERRY***
<u>**Agency and Vicarious Liability**</u>

45. The averments of the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

46. At all times mentioned herein, Dr. Ramesh was a shareholder, partner, servant, agent, apparent agent, ostensible agent, and/or employee of defendant, UPMC Passavant.

47. Defendant, UPMC Passavant, selected Dr. Ramesh for Mr. Gaich's procedure; Mr. Gaich did not have the opportunity to select the anesthesiologist.

48. Defendant, UPMC Passavant, supervised the care of patients being treated by Dr. Ramesh, including Plaintiff, and developed rules, regulations, policies and protocols for the care and treatment of patients by Dr. Ramesh.

49. Defendant, UPMC Passavant, is liable for acts or omissions of Dr. Ramesh as well as any other doctors, residents or medical assistants involved in the regional anesthesia who departed from the accepted standard of care in providing professional services to Plaintiff in that they:

   a. Performed a sciatic popliteal nerve block in such a way that caused axonal sciatic nerve damage distal to the biceps femoris in Plaintiff;

   b. Failed to administer an appropriate amount of anesthetic medication prior to and during the placement of the regional anesthetic blocks;

   c. Failed to ensure that the Patient remained awake and responsive during the administration of the regional nerve blocks;

   d. Overly anesthetized the patient at the time of the regional nerve blocks;

   e. Failed to document in the medical chart whether or not the Patient remained awake and responsive during the administration of the regional nerve blocks;

   f. Only listed one of the two nerve blocks performed on Mr. Gaich and did not detail any information regarding regional anesthesia or its possible complications and/or list alternatives to said procedure;

   g. Failed to obtain Plaintiff's informed consent prior to performing two nerve blocks by not including it on the consent form and therefore, not disclosing potential complications from using such a procedure or discussing the risks and benefits of any available alternatives;

    h. Did not adequately inform Plaintiff of material information which was relevant to his decision in allowing Dr. Ramesh to perform two nerve blocks on him;

    i. Failed to inform Plaintiff that she did not have to perform the regional nerve block;

    j. Failed to make plaintiff aware of the potential risks involved with the two nerve block injections;

    k. Failed to take all necessary precautions to ensure safe needle placement when performing the nerve blocks.

    l. Failed to inform Plaintiff that possible risks and consequences of the procedure included chronic pain in his right foot/lower leg;

    m. Failed to inform Plaintiff that possible risks and consequences of the procedure included nerve damage;

    n. Failed to inform Plaintiff that he had alternatives to the procedure, or what any such alternatives might be;

    o. Failed to explain why the second nerve block was medically necessary and assuming that the Plaintiff was awake the Defendant had the opportunity to obtain his consent to the second nerve block after the first one was unsuccessful; and

    p. Inappropriately performed two nerve blocks eight minutes total which was not safe or standard of care.

50. As a direct and proximate result of the professional negligence by Defendant upon Plaintiff, he has sustained the following injuries:

    a. Chronic pain in his right foot/lower leg;

    b. Difficulty walking (he sometimes requires a cane);

      c. Sleep apnea;

      d. Greater chance of additional surgeries;

      e. Other physiological and psychological sequelae as set forth in the medical record.

51. As a direct and proximate result of Defendant's deviation from the standard of care, Plaintiff has suffered and will continue to suffer non-economic damages including:

      a. Pain, suffering, and inconvenience;

      b. Mental anguish;

      c. Humiliation;

      d. Loss of life's pleasure;

      e. Loss of health, strength, and vitality; and

      f. Permanent disability.

52. As a direct and proximate result of Defendant's deviation from the standard of care, Plaintiff has suffered and will continue to suffer the following financial losses:

      a. Past, present, and future medical expenses;

      b. Future, lifelong expenses associated with medical, hospital, pharmaceutical, psychological, rehabilitative, institutional, physician, nursing and other medical care.

**WHEREFORE**, Plaintiffs, Frank L. Gaich and Barbara Gaich, demand judgment be entered in their favor and against Defendant, and seek compensatory damages in an amount in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of interests and costs. **JURY TRIAL DEMANDED.**

## COUNT IV
### *v. UNIVERSITY OF PITTSBURGH PHYSICIANS*
### Agency and Vicarious Liability

53. The averments of the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

54. At all times mentioned herein, Dr. Ramesh was a shareholder, partner, servant, agent, apparent agent, ostensible agent, and/or employee of defendant, UPP.

55. Defendant, UPP, supervised the care of patients being treated by Dr. Ramesh, including Plaintiff, and developed rules, regulations, policies and protocols for the care and treatment of patients by Dr. Ramesh.

56. Defendant, UPP, is liable for acts or omissions of Dr. Ramesh who departed from the accepted standard of care for anesthesiologists in providing professional services to Plaintiff in that he:

   a. Performed a sciatic popliteal nerve block in such a way that caused axonal sciatic nerve damage distal to the biceps femoris in Plaintiff;

   b. Failed to administer an appropriate amount of anesthetic medication prior to and during the placement of the regional anesthetic blocks;

   c. Failed to ensure that the Patient remained awake and responsive during the administration of the regional nerve blocks;

   d. Overly anesthetized the patient at the time of the regional nerve blocks;

   e. Failed to document in the medical chart whether or not the Patient remained awake and responsive during the administration of the regional nerve blocks;

f.  Only listed one of the two nerve blocks performed on Mr. Gaich and did not detail any information regarding regional anesthesia or its possible complications and/or list alternatives to said procedure;

g.  Failed to obtain Plaintiff's informed consent prior to performing two nerve blocks by not including it on the consent form and therefore, not disclosing potential complications from using such a procedure or discussing the risks and benefits of any available alternatives;

h.  Did not adequately inform Plaintiff of material information which was relevant to his decision in allowing Dr. Ramesh to perform two nerve blocks on him;

i.  Failed to inform Plaintiff that she did not have to perform the regional nerve block;

j.  Failed to make plaintiff aware of the potential risks involved with the two nerve block injections;

k.  Failed to take all necessary precautions to ensure safe needle placement when performing the nerve blocks;

l.  Failed to inform Plaintiff that possible risks and consequences of the procedure included chronic pain in his right foot/lower leg;

m.  Failed to inform Plaintiff that possible risks and consequences of the procedure included nerve damage;

n.  Failed to inform Plaintiff that he had alternatives to the procedure, or what any such alternatives might be;

    o. Failed to explain why the second nerve block was medically necessary and assuming that the Plaintiff was awake the Defendant had the opportunity to obtain his consent to the second nerve block after the first one was unsuccessful; and

    p. Inappropriately performed two nerve blocks eight minutes total which was not safe or standard of care.

57. As a direct and proximate result of the professional negligence by Defendant upon Plaintiff, he has sustained the following injuries:

    a. Chronic pain in his right foot/lower leg;

    b. Difficulty walking (he sometimes requires a cane);

    c. Sleep apnea;

    d. Greater chance of additional surgeries;

    e. Other physiological and psychological sequelae as set forth in the medical record.

58. As a direct and proximate result of Defendant's deviation from the standard of care, Plaintiff has suffered and will continue to suffer non-economic damages including:

    a. Pain, suffering, and inconvenience;

    b. Mental anguish;

    c. Humiliation;

    d. Loss of life's pleasure;

    e. Loss of health, strength, and vitality; and

    f. Permanent disability.

59. As a direct and proximate result of Defendant's deviation from the standard of care, Plaintiff has suffered and will continue to suffer the following financial losses:

    a. Past, present, and future medical expenses;

    b. Future, lifelong expenses associated with medical, hospital, pharmaceutical, psychological, rehabilitative, institutional, physician, nursing and other medical care.

**WHEREFORE**, Plaintiffs, Frank L. Gaich and Barbara Gaich, demand judgment be entered in their favor and against Defendant, and seek compensatory damages in an amount in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of interests and costs. **JURY TRIAL DEMANDED.**

### COUNT V
### *v. ALL DEFENDANTS*
### Loss of Consortium

60. Plaintiffs incorporate the aforementioned paragraphs by reference as though fully set out at length herein.

61. As a direct and proximate result of the carelessness, negligence, and recklessness of the Defendants and of the aforesaid injuries to her husband, the plaintiff-wife has been damaged as follows:

    a. Plaintiff-wife has been and may continue to be deprived of the services, society and companionship of her husband;

    b. Plaintiff-wife has been required to and may continue to spend money for medicine, medical care, nursing, hospital, medical appliances, rehabilitative services and household care for the treatment of her husband;

    c. Plaintiff-wife has been burdened with household obligations and outdoor work duties in excess of her normal share due to her husband's chronic pain and unsteady gait.

**WHEREFORE**, the Plaintiff-wife has been damaged and claims damages of the Defendants, jointly and severally, in an amount in excess of the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of interests and costs. **JURY TRIAL DEMANDED.**

        Respectfully submitted,

        **GOLDBERG, PERSKY & WHITE, P.C.**

        /s/Jason E. Luckasevic
        Jason E. Luckasevic, Esquire
        Attorney of Plaintiffs